226 So.2d 147

## STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

v.

### Linda McINNISH, pro ami.

#### 6 Div. 295.

Court of Appeals of Alabama.

May 7, 1968.

Rehearing Denied June 25, 1968.

Affirmed after Mandate June 30, 1969.

Rehearing Denied Aug. 19, 1969.

Izas Bahakel, Birmingham, for appellee.

Clarence M. Small, Jr., and Rives, Peterson, Pettus & Conway, Birmingham, for appellant.

PRICE, Presiding Judge.

This is a suit on an insurance policy. From a judgment in favor of the insured in the amount of $588.00, the insurer appeals.

The pertinent part of the policy about which we are concerned is as follows; to wit:

"INSURING AGREEMENT I

\*    \*    \*    \*    \*    \*

"Coverage D—Comprehensive.

\*    \*    \*    \*    \*    \*

"(2) To pay for loss caused by fire, lightning, flood, falling objects, explosion, earthquake, or theft of the entire automobile, to wearing apparel and luggage owned by the first person named in the declarations or, while residents of the same household, his spouse and the relatives of either, while such property is in or upon the owned automobile."

\*    \*    \*    \*    \*    \*

The facts are undisputed. We quote from appellant's brief:

"The plaintiff, Linda McInnish, testified that in the early hours of a morning in November of 1965, certain articles were stolen from her car which was parked outside her apartment. She first became aware of the theft when a policeman came to her apartment and woke her. When she went out, she found that the window of her automobile had been broken and her luggage, wigs, and wig cases were gone. She was employed at

the time by Continental Fashions where she modeled and sold wigs. The missing wigs were samples. She testified that the items missing from the automobile and their reasonable market value were as follows: * * *." (Here followed a description of each article with its value, a total of $588.00)

Appellant contends it was due the requested affirmative charge. It is argued that the provision of section (2) of Coverage D, when read in its proper context, "To pay for loss caused by * * * theft of the entire automobile, to wearing apparel * * *" clearly shows that the loss was not covered since the entire automobile was not stolen.

Appellee's counsel contends that paragraph (2) of Coverage D should be read:

"To pay for loss caused * * * to wearing apparel and luggage owned by the first person * * *."

He argues that "appellant would have the court believe that it agreed only to pay for loss caused by fire, lightning, flood, falling objects, explosions, earthquake, or theft of the entire automobile to wearing apparel and luggage owned by the first person, etc., and did not agree to pay for loss by these objects to the owned automobile. * * * If appellant wished to exclude coverage for loss by theft to wearing apparel and luggage unless the entire automobile were first stolen, all it would have had to have done would, at this point, have been to insert the phrase 'loss by theft to wearing apparel and luggage shall not be covered unless the entire automobile be stolen' Appellant did not see fit to put this exclusion in; and it is appellee's contention that appellant did not intend to exclude such loss from the coverage of said policy of insurance."

There are no Alabama cases covering such a policy provision as is presented and our search has revealed none in other jurisdictions. It is our opinion the intention of the insurer was plainly expressed to cover loss of the described items only where the entire automobile was stolen. The loss here was not within the coverage of the policy.

For the court's failure to give the general charge for defendant the judgment must be reversed.

Reversed and remanded.

JOHNSON, J., dissents.

## ON REMANDMENT

PRICE, Presiding Judge.

On certiorari the Supreme Court determined that we were in error in holding that Coverage D–(2) of the policy was not ambiguous; that before there was coverage the entire automobile must be stolen, and since the entire automobile was not stolen the loss in question was not covered. The cause was remanded to this court for further consideration.

In our original opinion, under the conclusion reached, it was unnecessary to consider the second question presented, i. e., whether liability under Coverage D is limited by the underlined provisions of the policy, as follows:

"Limits of Liability * * * Coverages D, D–50, F and G. The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace such property with other of like kind and quality, less depreciation and deductible amount applicable. *The limit of liability for loss to all wearing apparel and luggage of one or more persons shall not exceed $200 for each accident.*"

The word "loss" as it is used in Coverage "D" and related provisions is defined by the policy as follows:

"Loss—wherever used with respect to Coverages D, D–50, F and G means each direct and accidental loss of or damage to (1) an automobile covered by this policy, (2) its equipment or (3) other property insured hereunder."

Counsel for State Farm argues in brief:

"The original provision under which coverage is sought as now interpreted by the Supreme Court * * * is that the insurer agrees:

'To pay for loss caused by fire * * * or theft * * * to wearing apparel and luggage * * * while such property is in * * * the * * * automobile.'

"Substituting the policy definition for the word 'loss' in the phrase in question, the insuring agreement reads as follows:

'To pay for direct and accidental loss caused by fire * * * or theft * * * to wearing apparel and luggage * * while such property is in * * * the automobile.'

"Therefore, when the word "loss" is given the meaning prescribed by the policy in the appropriate definition section of the policy, we find that the only loss covered is a 'direct and accidental' loss and that payment for such loss is limited to $200.00."

Appellee's counsel insists that the word "accident" as used in this policy does not mean the same thing as the word "theft" as used in the policy. He points out the following policy provisions labeled "Policy Conditions—Applicable To All Coverages Unless Otherwise Noted."

"1. Notice of Accident, Occurrence or loss. In the event of an accident, occurrence or loss written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time,

place, circumstances of the accident or occurrence, names and addresses of injured persons and available witnesses. In the event of theft, larceny, robbery or pilferage prompt notice also shall be given to the police."

 The usual meaning of the word "accident" does not necessarily include theft. As used in the policy its meaning is ambiguous. The familiar principle is that in construing the terms of an insurance policy ambiguities or uncertainties must be resolved in favor of the insured. There was no error in the court's refusal to give the following requested charge:

"The court charges the jury that the defendant's liability for loss to wearing apparel or luggage is limited under the policy of insurance sued on to $200.00."

Nor in denying the motion for a new trial on the ground that the verdict of the jury is excessive.

The judgment is affirmed.

Affirmed.