226 So.2d 149

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.**

v.

**Linda McINNISH, pro ami.**

**6 Div. 605.**

Supreme Court of Alabama.

March 6, 1969.

Rehearing Denied April 10, 1969.

Simpson and Lawson, JJ., dissented.

Izas Bahakel, Birmingham, for petitioner.

Clarence M. Small, Jr., and Rives, Peterson, Pettus & Conway, Birmingham, opposed.

COLEMAN, Justice.

Citation is scarcely necessary to support the rule which has been stated as follows:

"If an insurance contract is so drawn as to be equivocal, uncertain or ambiguous, or to require interpretation because fairly susceptible to two or more different interpretations, the one will be adopted, which, if consistent with the objects of insurance, as most favorable to the insured. . . . ." Trans-Continental Mutual Insurance Co. v. Harrison, 262 Ala. 373, 377, 78 So.2d 917, 921, 51 A.L.R.2d 917.

The policy provision here under consideration is stated by the Court of Appeals as follows:

" 'Coverage D—Comprehensive

\* \* \* \* \* \*

" '(2) To pay for loss caused by fire, lightning, flood, falling objects, explosion, earthquake, or theft of the entire automobile, to wearing apparel and luggage owned by the first person named in the declarations or, while residents of the same household, his spouse and the relatives of either, while such property is in or upon the owned automobile.' " 45 Ala. App., 102, 226 So.2d 147.

The provision is a single sentence which contains fifty-seven words and ten commas but no other punctuation mark. By construction and interpretation, the insurer says the policy means that the insurer agrees to pay for loss to wearing apparel and luggage in the automobile caused by theft if, and only if, the entire automobile is stolen.

From reading the entire sentence as it is written, it seems to us that a fair interpretation of the language is that the insurer agrees: "To pay for loss caused by fire . . . . or theft . . . . to wearing apparel and luggage . . . . while such property is in . . . . the . . . . automobile."

The sentence is not remarkable for clarity. Perhaps both interpretations are possible. In that event, the construction favorable to the insured must prevail. For that reason, we reverse the decision of the Court of Appeals.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL, HARWOOD and BLOODWORTH, JJ., concur.

LAWSON and SIMPSON, JJ., dissent.

SIMPSON, Justice (dissenting).

I think the opinion of the Court of Appeals is correct and would affirm the judgment.

LAWSON, J., concurs.