238 So.2d 730

**UNIVERSAL UNDERWRITERS INSUR-
ANCE CO., a Corp.**

v.

**MARRIOTT HOMES, INC. and
Lloyds of London.**

6 Div. 683.

Supreme Court of Alabama.

Aug. 6, 1970.

James F. Berry, Cullman, for appellant.

Tweedy & Beech, Jasper, for appellees.

SIMPSON, Justice.

The dependents of William H. Ryan, Jr., brought an action to recover the benefits provided by the Workmen's Compensation Act, the complaint alleging that he was employed by Marriott Homes, Inc., a corporation owned or controlled by Winston Mobile Homes, Inc.

Universal Underwriters Insurance Company was permitted to intervene and alleged that it had issued to Marriott a policy of Workmen's Compensation insurance effective on the date of Mr. Ryan's death. Universal's intervention seeks a declaratory judgment of its liability to the Ryan dependents and Marriott. Universal's pleading alleged that Marriott and Winston had obtained a certificate of self-insurance as provided by Tit. 26, § 309(2), Code of Alabama (Recomp.1958); and that Marriott and Winston had reinsured with Lloyds of London their potential liability as self-insurers of Workmen's Compensation claims. Lloyds of London was joined as a party to the proceedings.

The controversy was submitted to the court below on the following written stipulation of the attorney for Universal and

the attorneys representing Marriott and Lloyds of London:

"1. Standard Workmen's Compensation and Employers Liability Policy No. 983762, a participating policy was issued to Marriott Homes, Inc., P.O. Box 236, Double Springs, Alabama; further that the Policy Period extended from May 18, 1967 to May 18, 1968, and was introduced into the record.

"2. That the Aggregate Excess Workmen's Compensation and/or Employer's Liability and/or Occupational Disease Insurance Policy No. 5941 V. 22258 was issued to Alabama Mobile Home Manufacturers Association, c/o Frank Broadway and Associates, Inc., 660 Adams Avenue, Montgomery, Alabama; further that the Policy Period extended from November 15, 1967, to November 15, 1968, and was introduced.

"3. That William H. Ryan, Jr., Deceased was an employee of Marriott Homes, Inc., at the time of his decease on the 25th day of November, 1967.

"4. That the Honorable Bob Moore, Jr., the presiding Judge of the Twenty-fifth Judicial Circuit was to take both policies and to make a determination of liability under either, or both."

The two insurance policies were made a part of the stipulation.

A judgment was entered holding Universal to be liable for the defense of the action against Marriott and for Marriott's liability to the Ryan dependents. The judgment absolved Lloyds of London of any liability. This point is not contested.

Apparently Winston and Marriott, along with other mobile home manufacturers, became self-insurers for Workmen's Compensation purposes and obtained the Lloyds policy which would indemnify the association members to the extent of 31% of any liability incurred on November 15, 1967, while coverage under the Universal policy commenced on May 18, 1967. The accident causing Mr. Ryan's death took place on November 25, 1967.

Universal contends that the liability to the Ryan dependents should be prorated equally between Universal and Marriott as a self-insurer; Universal relies upon that condition of its policy which provides:

"11. *Other Insurance*: If the insured has other insurance against a loss covered by this policy, the company shall not be liable to the insured hereunder for a greater proportion of such loss than the amount which would have been payable under this policy, had no such other insurance existed, bears to the sum of said amount and the amounts which would have been payable under each other policy applicable to such loss, had each such policy been the only policy so applicable."

It is Universal's contention that becoming self-insurers under the Alabama Workmen's Compensation Statute was the same as obtaining "other insurance" as that term is employed in Universal's policy and hence Marriott should bear 50% of the loss in this case.

■ We do not agree. We believe the words used in this provision of the Universal policy should be given their usual and ordinary meaning. Tested by this standard, we think "other insurance" means a policy of insurance of like kind issued by an insurance company in exchange for premium charged. It would be a contortion of the term insurance to hold that its meaning as employed here is broad enough to include "self insurance", which while commonly referred to in that fashion is actually the antithesis of insurance as that term is commonly used.

■ While as pointed out by appellant this court has not had occasion to decide the exact point raised here, we have frequently held that provisions of insurance policies must be construed in light of the interpretation that ordinary men would place on language used therein. Under this rule we think "other insurance" would be understood by an ordinary man as referring to another policy of insurance

covering the same risks as were covered in the Universal. Ala. Farm Bureau Mut. Cas. Ins. Co. v. Goodman, 279 Ala. 538, 188 So.2d 268, 23 A.L.R.3d 1437; Mutual Ben. Health & Acc. Ass'n. of Omaha v. Reid, 279 Ala. 136, 182 So.2d 869.

Another well established principle precludes the construction argued for by appellant. If this clause is ambiguous—and at least the parties to this appeal think so—appellant contending the provisons apply where the insured becomes a self-insurer and appellee arguing contra, then it must be construed most strongly against appellant and most favorably to the insured. State Farm Mut. Auto. Ins. Co. v. McInnish, 284 Ala. 492, 226 So.2d 149; Smith v. Kennesaw Life & Acc. Ins. Co., 284 Ala. 12, 221 So.2d 372; and numerous other cases collated at Ala.Dig., Insurance, Key No. 146.7, et seq.

Our conclusion is that the judgment should be affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.