**Thomas L. BURTON and Edith M. Burton, Plaintiffs-Appellees,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.**

**No. 75–1192.**

United States Court of Appeals, Fifth Circuit.

June 9, 1976.

Rehearing and Rehearing Denied Sept. 24, 1976.

**178**

L. Tennent Lee, III, Huntsville, Ala., for defendant-appellant.

George K. Williams, Huntsville, Ala., for plaintiffs-appellees.

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This diversity action requires the interpretation of an insurance contract to determine whether the "all risk" policy issued by the defendant excluded from coverage extensive damage to plaintiff-insured's house incurred when the front portion of the house and a portion of the front yard fell about one and one-half feet into a limestone sinkhole. Reserving judgment on defendant's motion for directed verdict at the close of the evidence, the district court ruled that the terms of the policy were ambiguous, properly stating that if damage resulted from "settling" the loss would be covered under the contract, but that if the cause was "sinking" the loss would be excluded. The jury was charged with determining whether the damage resulted from "settling" or "sinking," and in finding that defendant was liable for plaintiffs' casualty loss, the jury necessarily found that the earth had "settled" beneath the house. After entry of the jury verdict, the trial court denied defendant's motion for judgment n. o. v. and alternative motion for a new trial. We hold that the trial court should have directed a verdict for the defendant, and we reverse on the ground that the policy was not ambiguous under the uncontroverted facts of this case, that plaintiffs' damage was caused by sinking and excluded from the policy as a matter of law.

It is the established law of Alabama, the forum state, that an insurance company is charged with the burden of proving that a particular loss falls within an exclusionary clause of an insurance policy. *See Bankers Fire & Marine Ins. Co. v. Contractors Equipment Rental Co.*, 276 Ala. 80, 159 So.2d 198 (1963). If the policy is ambiguous, then the ambiguity must be construed against the insurer and in favor of the insured. *State Farm Mutual Automobile Ins. Co. v. McInnish*, 284 Ala. 492, 226 So.2d 149 (1969).

To meet its burden of proving that the casualty fell within an exclusionary provision of the policy, defendant insurance company presented uncontroverted evidence to establish that the plaintiffs' house was damaged when it fell into a limestone sinkhole. Both a civil engineer and a geologist testified to this effect. Their scientific as-

sessment is corroborated by the rapidity with which the house was destroyed. On a Wednesday Mr. Burton heard creaks and groans but could find no problems. On Thursday his wife heard an "explosive-like sound," and large cracks were visible throughout the home. On Friday the building was condemned.

Defendant relied on the provision in the insurance policy which excludes from coverage loss "caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, volcanic eruption, landslide, mudflow, earth sinking, rising or shifting . . . ."

To frame an ambiguity, plaintiff argues that in spite of the above exclusion, the loss apparently is covered by a provision insuring against "collapse of a building" which "ensues" from "settling, cracking, shrinkage, bulging or expansion of . . . foundations . . . ."

 The existence of an ambiguity in an insurance contract is a question of law for the courts. *Aetna Life Ins. Co., Inc. v. Hare*, 47 Ala.App. 478, 256 So.2d 904, 911 (1972). In construing an insurance policy it is necessary to give effect and reasonable interpretation to all provisions. The courts are not to read one term alone, but must consider each term or provision in context with the other provisions of the policy. *Smith v. Kennesaw Life & Acc. Ins. Co.*, 284 Ala. 12, 221 So.2d 372 (1969); *Aetna Life Ins. Co., Inc. v. Hare, supra; Metropolitan Life Ins. Co. v. Korneghy*, 37 Ala.App. 497, 71 So.2d 292 (1954).

 In applying this standard to the construction of the insurance policy before us, we think that the policy was not ambiguous. Our reading of the term "settling," in context, convinces us that this element of policy coverage refers to damage caused by action of the structure in response to gradual movement of the earth beneath the house. By contrast, "sinking" refers to a sudden earth movement, and clearly covers such phenomena as limestone sinkholes. The patent intent of the contracting parties was to establish insurance coverage of damage caused by gradual noncataclysmic earth movements. This Court is constrained to avoid the reshaping of intent expressed by the language of the policy as a whole. *Smith v. Kennesaw Life & Acc. Ins. Co., supra.*

A policy may be unambiguous, as applied to one set of facts, but may take on characteristics of ambiguity in connection with other facts. Although involving different policy provisions than under consideration here, the facts in our recent case of *Peach State Uniform Service, Inc. v. American Ins. Co.*, 507 F.2d 996 (5th Cir. 1975), distinguish that holding from the one which we reach in the instant case. There a building collapsed from the work of surface rain water, a natural phenomenon that might well be expected, which washed away uncompacted fill dirt from beneath the building's foundation following heavy rains. That case turned, in part, on whether the surface water action caused a loss excluded from insurance coverage by a clause pertaining to "[e]arthquake, volcanic eruption, landslide or other earth movement . . . ." We held that as applied to those facts the policy was ambiguous and under Georgia law should be read against the insurer. The Court noted that the term "earth movement" could in a contractual context be read "as referring only to phenomena relating to forces operating within the earth itself . . . ." *Id.* at 1000. That case does not help the plaintiffs here. The facts here demonstrate a clear difference between the excluded sinking, which occurred, and the included settling which envisions an entirely different cause of damage.

Since the loss was caused by the sinking of the house into a limestone sinkhole, a phenomenon explicitly excluded from coverage, and since ambiguity was not present as a matter of law, there was no fact issue presented by the evidence to warrant submission to the jury. A directed verdict for the defendant was in order. *Boeing Co. v. Shipman*, 411 F.2d 365, 374–375 (5th Cir. 1969).

**180**

The judgment in favor of the plaintiffs is therefore reversed.

REVERSED AND RENDERED.

LEWIS R. MORGAN, Circuit Judge (dissenting).

Since I believe the insurance policy is ambiguous when taken as a whole, I respectfully dissent. The majority correctly points out that if the damage to Mr. Burton's house was caused by "any earth movement, including . . . earth sinking . . . ." then the policy excludes coverage, but if the damage was caused by "collapse of the building" which "ensues from settling . . . ." then the insurance company is liable. To avoid finding these two clauses in conflict the majority arbitrarily includes additional terms to modify the contract. Instead of any earth movement being excluded, only earth movements that are "sudden" are excluded from coverage. Instead of any collapse of a building which ensues from settling resulting in liability, only settling that is "gradual" is included in the policy. There is absolutely no support in the policy for these modifications. Webster's Third New International Dictionary, which has been cited as authority by the Alabama Supreme Court in a similar situation, *Green v. Merrill*, 293 Ala. 628, 308 So.2d 702 (1975), includes as one of the definitions of sinking "to subside gradually; to settle." What this insurance policy does is in one term to exclude coverage for any earth movement including any sinking which by definition would include any damage caused by settling. Then, the policy in another clause states that such a settling would in fact be covered by the insurer. In such a case, where the terms of the policy are conflicting an ambiguity requiring construction arises. *United Service Automobile Association v. Smith*, 329 So.2d 562, 565 (Ala.Ct.App.1976). Both sides agree that if there was an ambiguity the issue should have been submitted to the jury and in this case the jury held against the insurer who had the burden.

Apparently, the majority is not prepared to rely solely on this sudden-gradual distinction. The majority states, "the patent intent of the contracting parties was to establish insurance coverage of damage caused by gradual non-cataclysmic earth movements." I believe this statement shows a misunderstanding of Alabama law. The policy was an "all-risk" policy designed to cover all damage except those specifically excluded. If the majority's position is that the exclusions from coverage include only those earth movements that were "cataclysmic," there can be no question that the Burtons were insured for this damage. While the sink hole caused considerable damage to their home, it can hardly be referred to as cataclysmic. In short, this policy is contradictory, in one clause it excludes coverage and in a subsequent clause it specifically includes coverage for the damage that occurred here. In this case, the court's finding below of ambiguity is proper. Therefore, the able district judge properly instructed the jury, and the jury acting under these instructions made a finding for the policyholder which I feel should be affirmed.