Employers Insurance Company of Alabama, Inc., brought this action seeking a declaratory judgment to determine its obligations to Jeff Gin Company, a cooperative association, under a policy of insurance it had issued to Jeff Gin. From the judgment declaring that Jeff Gin was entitled to coverage, and to be afforded a defense, Employers takes this appeal. We affirm.
 Issue For Review
The parties agree the sole issue presented for review is whether the trial court committed reversible error in holding that Employers was required to defend, under its standard workmen's compensation and employer liability policy, an action based entirely on negligence filed in Texas by a former employee of Jeff Gin for an accidental injury arising out of and in the course of his employment in Alabama. We hold the trial court without error in finding Employers had a duty to defend Jeff Gin and therefore affirm.
 The Facts
The parties stipulated before trial to the following concise statement of facts:
 "1. On September 29, 1977, an individual named Eliseo Castaneda was employed by Jeff Gin Company in Madison County, Alabama. Mr. Castaneda was actively engaged in his employment in Madison County, Alabama, when an on the job accident occurred where he was injured.
 "2. At the time of said accident, Jeff Gin Company had in full force and effect a policy of insurance with Employers Insurance Company of Alabama, Inc. * *.
 "3. The injured person, Eliseo Castaneda, filed suit against Jeff Gin Company in the District Court of El Paso County, Texas, 41st Judicial Circuit. Said suit is styled Eliseo Castaneda versus Jeff Gin Company and is case No. 78-4679. This suit was filed on August 11, 1978. In the suit, Eliseo Castaneda seeks damages for bodily injury he received as a result of the accident of September 29, 1977. * * *.
 "4. Jeff Gin Company gave timely notice of this suit to the Plaintiff. The Plaintiff refused to defend the Texas suit on the ground that the policy did not afford coverage for this claim.
 "5. Jeff Gin Company has employed its own attorney to defend the suit.
 "6. There has been no payment of Workmen's Compensation benefits by any person or corporation to Eliseo Castaneda. No suit has been filed by Eliseo Castaneda seeking Workmen's Compensation benefits."
The relevant provisions of the insurance policy are:
 "Item 3. Coverage A of this policy applies to the workmen's compensation law and any occupational disease law of each of the following states: ALABAMA
* * * * * *
"INSURING AGREEMENTS
 "I. Coverage A — Workmen's Compensation: To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.
 "Coverage B — Employers' Liability: To pay on behalf of the insured all sums which the insured
 shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom,
 "(a) sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto, or
 "(b) sustained while temporarily outside the United States of America, its territories or possessions, or Canada by any employee of the insured who is a citizen or resident of the United States or Canada arising out of and in the course of his employment by the insured in connection *Page 695 
with operations in a state designated in Item 3 of the declarations; but this insurance does not apply to any suit brought in or any judgment rendered by any court outside the United States of America, its territories or possessions, or Canada or to an action on such judgment wherever brought.
 "II. Defense, Settlement, Supplementary Payments: As respects the insurance afforded by the other terms of this policy the company shall:
 "(a) defend any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;
* * * * * *
"EXCLUSIONS
"This policy does not apply:
* * * * * *
 "(f) under coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen's compensation or occupational disease law of a state designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law."
 Decision
Employers' basic contention is that the action filed in Texas by Castaneda does not involve a claim which falls within the insurance policy; therefore, it has no duty to defend Jeff Gin. The argument made is that the policy is clear, unambiguous, and provides only two types of coverage: A and B. The parties agree that Jeff Gin is not covered under coverage A because the action filed by Castaneda is based solely on negligence and does not seek workmen's compensation benefits under the Alabama or Texas statutes. The dispute centers on "Coverage B — Employers' Liability." Employers argues that Jeff Gin is not covered under coverage B because of the clear and unambiguous wording of exclusion "(f)."
Jeff Gin argues that the policy is ambiguous regarding whether it covers lawsuits such as the one here involved and, therefore, the trial court correctly construed the policy provisions in its favor. We agree.
Employers and Jeff Gin appear to be in agreement that Castaneda's action has little chance of success; however, this does not affect the outcome of this appeal because the insurance policy provides, in II(a), that Employers will defend any action seeking recovery of damages payable under insurance afforded by other provisions of the policy, regardless of the fact such action is groundless, false, or fraudulent.
It is a fundamental rule of insurance law that courts construe insurance contracts in a manner to give effect to the intent of the parties; however, any ambiguities in the policy are to be resolved in favor of the insured. Billups v. AlabamaFarm Bureau Mutual Casualty Ins. Co., 352 So.2d 1097 (Ala. 1977). This court has frequently held that provisions of insurance policies must be construed in light of the interpretation that ordinary men would place on the language used. Universal Underwriters Ins. Co. v. Marriott Homes, Inc.,286 Ala. 231, 238 So.2d 730 (1970).
When coverage B of the policy is read in conjunction with II (a) and exclusion (f), it is not clear to this court whether any loss, resulting from the occurrence made the basis of Castaneda's action against Jeff Gin, was intended by the parties to be insured against by the policy provisions. That being the case it necessarily follows that there is an ambiguity in the policy.
It is a general rule of construction that exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage for the insured. Further, such exceptions must be construed most strongly against the company drafting and issuing the policy. See Westchester Fire InsuranceCompany v. Barnett Millworks, *Page 696 Inc., 364 So.2d 1137 (Ala. 1978). Applying this rule of construction, along with the others to which we have referred, to the policy and facts of this case, we must conclude the trial court correctly construed the policy in favor of Jeff Gin.
For the reasons assigned, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and BEATTY, JJ., concur.