Bobby T. MULLINAX,
Plaintiff-Appellant,

v.

AETNA LIFE INSURANCE COMPANY,
Defendant-Appellee.

No. 82–7244.

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1983.

R. Ben Hogan, III, Birmingham, Ala., for plaintiff-appellant.

James D. Pruett, James C. Inzer, III, Gadsden, Ala., for defendant-appellee.

Before JOHNSON and HENDERSON, Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

The sole issue presented on this appeal is whether the trial court erred in its instructions to the jury, specifically in its failure to give a requested jury charge and in "comments" made during a supplemental charge.

Appellant (Mullinax), the plaintiff in the action below, was employed by Goodyear Tire and Rubber Company from 1954 until 1978. From 1954 to 1969 he was employed in Goodyear's plant making tires. During this time he developed a form of dermatitis known as "rubber poisoning" which made it difficult for him to work on the line in the plant. In October of 1969 he was transferred off the line to a management position in Quality Control where he remained until March 3, 1978 when his dermatitis became so severe that he was unable to continue working at the Goodyear plant. Appellant received short term disability benefits from Goodyear for one year. Under an insurance plan with Aetna (appellee), long term disability benefits were available only after a one year waiting period. Mullinax's application for long term disability benefits was denied by Aetna on the grounds that he was not totally disabled within the terms of the policy. Mullinax then brought this action against Aetna.

The primary issue at trial concerned the definition of total disability as set out in the policy[1] and more specifically the phrase "substantially gainful occupation." Both parties called vocational experts to testify regarding disability. The jury deliberated for approximately six and one-half hours and then sent the court a message stating that they felt they could not not reach a "unanimous decision in this case." The judge consulted the attorneys: the plaintiff moved for a mistrial; the defendant did not object, nor did he offer a solution to the stalemate. The judge then asked the foreman to confirm the jury's report that they were hopelessly deadlocked. The foreman confirmed this and volunteered that the difficulty was primarily based upon the definition of disability. The judge asked each juror individually if supplemental instructions would be helpful. After receiving an affirmative response from each juror, the court recessed for a ten minute conference with the attorneys. The plaintiff asked that his requested charge number three be given, the defendant objected and the judge declined to give the charge. The judge then gave a supplemental charge. Within thirty minutes the jury returned a verdict for the defendant.

The appellant urges that the court committed reversible error in refusing to give plaintiff's requested jury charge number three. This charge correctly states the Alabama law of construction of a policy or contract upon a finding by the court that an ambiguity exists. The appellant contends that this charge was necessary because the phrase "substantially gainful occupation" was ambiguous. The appellant further urges that the trial court erred and abused its discretion by commenting on the evidence during the supplemental charge by stating that the phrase "substantially gainful occupation" should not be interpreted by the jury to mean employment at substan-

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. "Total disability or total disablement means during the twelve-month qualifying period the employee is unable, solely because of disease or injury, to engage in any substantially gainful occupation for which the employee is or may reasonably become qualified by education, training or experience and in which other people with similar backgrounds are actually employed as their principal means of support."

tially the same income as appellant's previous employment.

In reviewing a jury charge "the test is whether the charge, viewed as a whole, was sufficiently clear and accurate to be understood by jurors of ordinary intelligence, and to be applied by them to the evidence so as to reach a proper conclusion." *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1289–1290 (5th Cir.1974); *McGuire v. Davis*, 437 F.2d 570, 574 (5th Cir.1971). This court has reviewed the charge and finds that it meets this test.

■ As to the first error alleged by the appellant, whether an ambiguity exists is a question of law to be determined by the trial court. *Holt v. Davidson*, 388 So.2d 548, 549, (Ala.1980); *Miles College, Inc. v. Oliver*, 382 So.2d 510, (Ala.1980). The trial court below determined that the phrase was not ambiguous and cited this as the reason for refusing to give the requested charge. The appellant contends that the portion of the judge's instruction where the jury was directed to "use its common sense and common judgment in arriving at the meaning of that particular phrase," constituted an acknowledgment that the phrase was ambiguous. This court disagrees.

■ Numerous Alabama decisions have utilized the phrase "substantially gainful occupation" in defining total disability without providing a specific, binding definition of the phrase. *Mason v. Connecticut General Life Insurance Company*, 367 So.2d 1374, (Ala.1979); *Metropolitan Life Insurance Co. v. Alston*, 248 Ala. 671, 29 So.2d 233, (1947); *Mutual Life Insurance Company of New York v. Danley*, 242 Ala. 80, 5 So.2d 743, (1941). The Alabama Supreme Court has consistently held that "provisions of insurance policies must be construed in light of the interpretation that ordinary men would place on the language used." *Childress v. Foremost Insurance Company*, 411 So.2d 124, 126 (Ala.1982); *Employers Insurance Company of Alabama v. Jeff Gin Company*, 378 So.2d 693, 695 (Ala.1979); *Universal Underwriters Insurance Company v. Marriott Homes, Inc.*, 286 Ala. 231, 238 So.2d 730, (1970). Having made the

determination that the phrase "substantially gainful occupation" was not ambiguous, the judge in his charge did no more than direct the jury properly concerning their treatment of the phrase.

■ The appellant's second allegation of error concerns "comments" of the judge in his supplemental charge which the appellant contends contradicted the appellant's expert witness and essentially defeated his case. The appellant focuses primarily on one sentence in the supplemental charge:

> The test is not whether or not that he can make the same amount in some other gainful occupation as he made at Goodyear, but I believe the reasonable construction of the terms of this policy is that in order for him to be disabled, that he has got to be unable by reason of his disease or injury to perform some substantial gainful occupation or he can become qualified to do it by further training.

The appellant's expert, Dr. Crunk, had testified that from a rehabilitation standpoint "substantially gainful occupation" meant employment at substantially the same salary. The testimony was not a legal definition of the phrase. "[E]xpert witnesses appear to assist in the court's decision-making process, not to control it." *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1289 (5th Cir. 1974). The judge did not disagree with nor specifically comment upon Dr. Crunk's testimony. The jury remained free to accept or reject that testimony. Viewed in its entirety, the supplemental charge was sufficiently clear and accurate so that it met the standard by which jury charges are to be judged as discussed above.

Finding no error in the instructions to the jury, this court orders that the judgment of the court below be AFFIRMED.