This is an appeal from a suit on a fire insurance policy. James E. Alford and his wife Debora L. Alford sued State Farm Fire Casualty Company to recover the amount due under the policy and for damages based on the alleged fraudulent inducement to enter the contract and the alleged wrongful refusal to pay the claim. Upon trial of the cause, the jury returned a verdict for State Farm, and the trial court entered judgment thereon. The Alfords appeal from the trial court's denial of their motion for a new trial.
The Alfords raise two issues, one relating to the examination of Mr. Alford by counsel for State Farm and the other relating to the allowance of testimony from an expert witness presented by State Farm. They have designated as the record on appeal only the complaint, the amended complaint, the judgment, the motion for new trial, the order denying that motion, a short excerpt from the testimony of Mr. Alford, and the portion of the reporter's transcript setting out the objections to the expert's testifying and setting out his testimony. On this sparse record, we are unable to ascertain the context of the dispute. It appears that State Farm defended both on the ground that the Alfords made misrepresentations on their proof of loss statements and on the ground that the Alfords deliberately burned their house.
The record contains the following excerpt from the examination of Mr. Alford by counsel for State Farm:
 "Q. Mr. Alford, I believe that you were an E-5 at one point when you were with the United States Air Force.
"A. That's correct.
 "Q. And I believe that subsequent to that you were reduced in rank to an E-4.
"A. Just prior to my discharge, that's correct.
 "Q. And I believe that you have testified previously that the reason for that reduction in rank was a finding by your squadron commander based on a charge of fraud, attempted theft of a check.
 "A. It wasn't a finding. The way you put the question, it appears that it was some kind of a hearing or this or that or the other. It was not that. It was simply a charge made against me which I did not rebut because I was about ready to get out of the service and it would have required more time to stay in the service to say, no, that is not true, go through a whole long lengthy process to exonerate myself and then get out of the service. I had a job waiting for me in Alabama and I didn't feel like the consequences of what I was receiving were justified enough for me to turn down the job simply to fight that charge.
 "Q. But, as I understand it, you were charged with having attempted to steal a check.
 "MR. SHIPMAN: Your Honor, we're going to object. That's not the proper way to impeach in regards to an alleged crime.
"THE COURT: I overrule.
"A. I'm sorry.
 "Q. Do you understand the question, or would you like me to repeat it?
"A. Would you repeat it, please?
 "Q. As I understand it, the charge that was lodged against you by the Air Force was the attempted theft of a check.
 "MR. SHIPMAN: We're going to object again, your Honor, to any charges being lodged against him.
"THE COURT: I'll overrule.
 "A. It wasn't — I said `charge.' It wasn't really a charge. It was simply an accusation that was made. Okay.
"Q. That was the accusation then?
"A. Yes."
The Alfords argue that the trial court erred to reversal in overruling the *Page 21 
objections because it is improper to impeach a witness regarding arrests or charges of crimes which have not resulted in convictions. See Code 1975, § 12-21-162; Dean v. Johnston,281 Ala. 602, 206 So.2d 610 (1968); Parker v. State, 280 Ala. 685, 198 So.2d 261 (1967). While this principle is correct, the Alfords' argument overlooks the fact that the question had already been asked without objection and Mr. Alford had answered it at length. Furthermore, the excerpt indicates that Mr. Alford had "testified previously" regarding this matter; while this indication is in a question asked by counsel, the record before us presents nothing from which we can conclude that the indication was unfounded and that Mr. Alford had not in fact so testified.
"Prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial." Harvey RaglandCo. v. Newton, 268 Ala. 192, 196, 105 So.2d 110, 112 (1958) (citations omitted); Starr v. Starr, 293 Ala. 204, 301 So.2d 78
(1974); Bankers Fire Marine Ins. Co. v. Contractors EquipmentRental Co., 276 Ala. 80, 159 So.2d 198 (1963). The trial court did not err in overruling the objections.
In presenting its case, State Farm offered Russell Jackson as an expert witness. The Alfords objected that they had not been notified of the substance of his testimony, as required by the pre-trial order. See Rules 16 and 26 (b)(4), A.R.Civ.P. In ruling on this objection, the court noted that both sides had merely identified expert witnesses and had not summarized their expected testimony, although this had been required by the pretrial order; that the Alfords had been notified eight months before trial that Jackson would be called as an expert witness, but had not deposed him; and that numerous references had been made to Jackson's inspection of the burned remains and his conclusions during the Alfords' deposition of Tom Copeland, who is apparently a State Farm agent. The court's resolution of the objection was to adjourn the trial for the weekend — the objection was made on Friday afternoon — and allow the Alfords to depose Jackson. They did so, and the court allowed Jackson to testify when trial resumed on Monday.
These rulings do not present any reversible error. Amendment of pre-trial orders is within the discretion of the trial court. Piper Aircraft Corp. v. Evans, 424 So.2d 586 (Ala. 1982). Furthermore, "[t]he mode of conducting the examination of witnesses and the order of introducing evidence are matters within the discretion of the trial court." Drs. Lane, Bryant,Eubanks Dulaney v. Ott, 412 So.2d 254, 259 (Ala. 1982). No abuse of the court's discretion is shown here.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.