STEAGALL, Justice.
In January 1981, Aidalu Ford listed for sale with a local realty company a house she owned at 1816 Gurnee Avenue, Anni-ston, Alabama. Shortly thereafter, Cora Turmon made an offer, through the realty company, to purchase the house. Turmon and Ford reached an agreement wherein Turmon agreed to purchase the house, paying $1,000 down and giving a promissory note for the balance, secured by a mortgage. On January 24, 1981, at the real estate office, Ford executed a conveyance to George W. Turmon, Helen B. Turmon, and Cora Turmon, and these three grantees executed a mortgage back to Ford. Ford, later testifying at trial, said she noticed at that time that the names of George W. Turmon, Helen B. Turmon, and Cora Tur-mon were present on the note, the mortgage, and the deed but that she assumed George Turmon and Helen Turmon, Cora Turmon’s son and daughter-in-law, were named only in the capacity of sureties and to assist Cora Turmon in obtaining financing.
In October 1986, Cora Turmon purchased a fire protection insurance policy from National Security Fire & Casualty Company (hereinafter “National Security”). A copy *47 of the policy’s “declaration” page was sent to Ford, as mortgagee and loss payee on the policy. Printed on the declaration page was the following provision:
“NOTICE. THIS POLICY IS BASED ON INFORMATION IN THE APPLICATION. IF BUILDING INSURED, NAMED INSURED MUST HAVE FULL LEGAL TITLE TO THE BUILDING AND THE LAND.”
Further, the policy stated that the insurance company would not provide coverage “in any event for more than the interest of the insured.”
The house was heavily damaged by fire on June 4, 1987; damage to the property was stipulated to be $18,000. After Cora Turmon stopped making payments, Ford sued Cora Turmon, Helen Turmon, George Turmon, and National Security. She took a default judgment against the three individual defendants; only National Security defended at trial.
At trial, National Security argued that its liability in this case was only $6,000— one-third of the total monetary loss — because its policyholder, Cora Turmon, held only a one-third interest in the property at the time the damage occurred and under the provisions of the policy its liability was clearly limited to an amount equal to her one-third interest. Ford argued that National Security was liable for the entire $18,000 loss. The trial court entered a judgment in favor of Ford in the amount of $6,000, and she appeals.
On appeal, Ford contends that Cora Tur-mon is entitled to the full value of her lost interest. Under the facts of this case, we agree. George and Helen Turmon testified at trial that they never intended to own any interest in Cora Turmon’s house. Further, they never lived in the home, never made mortgage payments and insurance payments, and never paid taxes on the property. Helen Turmon testified that she signed only as a co-signer with Cora Turmon. It is apparent from the testimony of George Turmon that he believed he was signing the note, mortgage, and deed only as a cosigner with his mother. It is undisputed that Cora Turmon paid the premiums in an amount established by National Security to provide coverage for the entire value of her home. Moreover, a default judgment was entered against Cora Turmon for the entire balance of the note to Ford.
This Court held in Employers Ins. Co. of Alabama v. Jeff Gin Co., 378 So.2d 693, 695 (Ala.1979):
“It is a general rule of construction that exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage for the insured. Further, such exceptions must be construed most strongly against the company drafting and issuing the policy.”
(Citation omitted.) See, also, Guaranty Nat’l Ins. Co. v. Board of Educ., 540 So.2d 745 (Ala.1989). Thus, under the facts of this case, the liability-limiting language of the policy does not diminish National Security’s liability for the entire loss suffered by Cora Turmon.
We, therefore, reverse the judgment of the trial court and render a judgment in favor of Ford in the amount of $18,000.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.