169 So.2d 343 (1964)
Linda J. SPURGEON, a minor, by her next friend, Marlene J. Scray, and Marlene J. Scray, individually, Appellants,
v.
STATE FARM MUTUAL INSURANCE COMPANY, a corporation, et al., Appellees.
No. F-204.
District Court of Appeal of Florida. First District.
December 1, 1964.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellants.
Mathews, Osborne & Ehrlich, Jacksonville, for appellees.
RAWLS, Judge.
Appellant-Plaintiff Spurgeon recovered a judgment in the sum of $4,182.00 against Charles Thomas Vines, the negligent driver of an automobile owned by one Jay G. Moulton. Defendant-Appellee State Farm Mutual Insurance Company was Vines's insurer and International Automobile Insurance Exchange was the insurer of the automobile involved in the accident. The maximum coverage under each policy was more than sufficient to satisfy the judgment.
In the instant cause, Plaintiff Spurgeon filed her complaint against the said two insurance companies alleging that each was liable to plaintiff for the payment of the *344 aforesaid judgment. Copies of the material portions of the policies were attached to the complaint. State Farm Insurance Company, after filing its answer but without submitting any other proofs, moved for summary judgment on the grounds that its insurance was excess insurance and was not payable until the coverage under International Automobile Insurance Exchange was exhausted.[1] The trial court entered summary final jjudgment in favor of State Farm Mutual Insurance Company finding:
"In moving for summary judgment, the defendant State Farm contends it is not obligated to pay the judgment recovered by the plaintiffs in any event, because such insurance as is afforded with respect to a non-owned automobile is excess insurance over other collectable insurance, and, at the time of the injury, Charles Thomas Vines was insured by the International policy, which insurance is primary. The question thus resolves itself solely into one of law; that is, does the policy issued by the defendant International Automobile Insurance Exchange provide coverage to Charles Thomas Vines, who was driving the automobile described therein at the time of the accident?
"The policy issued by International Automobile Insurance Exchange defines the word `assured' as including only the named assured and his or her spouse, except while the assured vehicle is operated on a military base, but condition 8 of the policy reads, in part, as follows:
"`Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to such liability arising out of the ownership, maintenance or use of the automobile during the policy period to the extent of the coverage and limits of liability required by such law * * *.'
"The clause above quoted is identical with the clause construed in Howard v. Am. Service Mut. Ins. Co., 1963, 151 So.2d 682. That case forecloses any attempt to contend that Charles Thomas Vines was not within the coverage of the International Automobile Insurance Exchange policy, and hence, there is no liability on the defendant State Farm to pay the plaintiffs' judgment until the International policy has become exhausted.
"On the present record there is no suggestion that the insurance provided by the International policy is not collectable. This issue is not raised, and the court cannot speculate as to the rights of the plaintiffs against State Farm, should it be determined that although coverage is provided by the International policy, the insurance thereby afforded is, for other reasons, not collectable. That question is not reached and is not decided."
We conclude that the trial judge was correct in entering said summary final judgment.
In order for plaintiff to obtain a cause of action against State Farm, she must first proceed against International for collection of her judgment. A condition precedent for her to establish a cause of action against State Farm is the allegation that she has exhausted her legal remedies against International in her efforts to collect the judgment and that same is not collectable. Once these allegations can be sustained, plaintiff then has a cause of action against State Farm. Conversely, until said allegations can be sustained, the cause of action does *345 not accrue. Needless to say, the instant summary final judgment is not res judicata of such a subsequent suit.
Affirmed.
STURGIS, C.J., and WIGGINTON and RAWLS, JJ., concur.
NOTES
[1] State Farm's policy of insurance contained a clause providing "* * * the insurance with respect to a * * * non-owned automobile shall be excess over other collectible insurance."