193 So.2d 180 (1966)
STATE FARM MUTUAL INSURANCE COMPANY, a Corporation, Appellant,
v.
Charles Thomas VINES, Appellee.
No. H-470.
District Court of Appeal of Florida. First District.
December 29, 1966.
*181 Marion R. Shepard, of Mathews, Osborne & Ehrlich, Jacksonville, for appellant.
Cox, Grissett & Webb, Jacksonville, for appellee.
SACK, Judge.
In March of 1963 Linda J. Spurgeon obtained a judgment against the appellee Vines, as a result of injuries sustained by her when struck by an automobile belonging to one Jay Moulton, but driven by Vines who was his next door neighbor.
Vines was insured by State Farm Mutual Insurance Company and Moulton was insured by International Automobile Insurance Exchange. State Farm denied coverage under its policy and refused to defend; and after final judgment, Linda Spurgeon brought suit against the two insurance companies. In affirming a summary final judgment for State Farm in Spurgeon v. State Farm Mutual Insurance Company, Fla.App., 169 So.2d 343, we held that State Farm was correct in its contention that by the terms of its policy its insurance with respect to the non-owned automobile was excess over other collectible insurance, and that primary liability rested on International.
On March 9, 1965, Vines brought the instant suit against State Farm, which defended on the ground that such insurance as was afforded by its policy did not apply to a non-owned automobile furnished to the named insured for regular use and secondly that its insurance was excess over other collectible insurance available to the plaintiff and that plaintiff had available collectible primary insurance under the policy issued by International Automobile Insurance Exchange to the owner of the automobile, Moulton.
Before institution of the suit, International Automobile Insurance Exchange had gone into receivership, but it was stipulated by the parties that the insurance available under that policy was collectible until November 1, 1964, which was the last date for filing claims. The receivership proceedings were commenced March 31, 1964, so that approximately a year intervened between the date of the Spurgeon judgment and the date of International's receivership.
On the question of the defense that the non-owned automobile was furnished by Moulton to Vines for regular use, this issue was duly submitted to the jury and it found against State Farm. We find no error on this aspect of the case.
However, the defense of collectible insurance presents a more serious question. In the Spurgeon case, supra, we said:
"In order for plaintiff to obtain a cause of action against State Farm, she must first proceed against International for collection of her judgment. A condition precedent for her to establish a cause of action against State Farm is the allegation that she has exhausted her legal remedies against International in her efforts to collect the judgment and that same is not collectible. Once these allegations can be sustained, plaintiff then has a cause of action against State Farm. Conversely, until said allegations can be sustained, the cause of action does not accrue. Needless to say, the instant summary *182 final judgment is not res judicata of such a subsequent suit." (Emphasis supplied.)
The critical inquiry, therefore, is what is meant by "collectible" insurance, and as of what date is collectibility to be determined, since obviously it was not collectible at the time of the institution of the present suit. In considering a similar problem in Friedfeld v. Royal Indemnity Company, 167 So.2d 586, the District Court of Appeal for the Third District held:
"The pro rata clause, in referring to `valid and collectible' insurance is directed to a policy which is legal and valid, as distinguished from one which is invalid such as for fraud, or uncollectible such as for insolvency. Air Transport Mfg. Co. v. Employers' Liability [Assur.] Corp., 91 Cal. App.2d 129, 204 P.2d 647; American Lumbermens Mut. Casualty Co. v. Lumber Mut. Cas. Ins. Co., 251 App. Div. 231, 295 N.Y.S. 321; 8 Appleman, In. L & P § 4911, pp. 378-379. The problem this case presents arises from the circumstance that both policies were valid and collectible on the date the loss accrued, that is, on the date the accident occurred, but that one of them, the $100,000 policy of Eagle, appears to have become `uncollectible' thereafter through the failure of the insured to furnish timely notice of the accident claim. Appellants rely on that subsequent uncollectibility. However, the chancellor held, and we agree, that collectibility at the time of the accident is what was meant by the policy provision in question, and that both policies were then valid and collectible. See Liberty Mutual Insurance Company v. Conley, Fla.App. 1963, 152 So.2d 521; Factory Mutual Liability Ins. Co. of America v. Continental Cas. Co., 5 Cir.1959, 267 F.2d 818; Air Transport Mfg. Co. v. Employers' Liability [Assur.] Corp., supra."
No contrary authority has been cited by appellee, and we are impressed with the logic of the Third District Court of Appeal. While the result in the present case may seem to be unfortunate, it is no different from those instances in which an insured's own carrier becomes insolvent. We conclude that the International insurance was collectible at the time of the accident, so that recovery against State Farm is barred.
Upon the argument of this cause appellant conceded that Vines would be entitled to recover such fees and costs as he had incurred in the defense of the Spurgeon suit.
Accordingly, the judgment below is reversed, with directions to enter an order of remittitur for all sums in excess of the fees and costs incurred in the defense of the Spurgeon suit.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., J., concur.