226 So.2d 247 (1969)
SOUTHEAST TITLE AND INSURANCE COMPANY, Appellant,
v.
John Robert COLLINS, Leroy Moses and City Products Corporation, a Florida Corporation, Appellees.
No. 69-41.
District Court of Appeal of Florida. Fourth District.
July 22, 1969.
Rehearing Denied September 23, 1969.
*248 John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Malcolm W. Weldon of Dixon, Bradford, Williams, McKay & Kimbrell, Miami, for appellee-City Products Corp.
McDONALD, PARKER LEE, Associate Judge.
The appellant, Southeast Title and Insurance Company, issued an automobile liability insurance policy to one Leroy Moses. Leroy Moses was an employee of appellee, City Products Corporation and was involved in a motor vehicle accident while driving a vehicle owned by City Products.
City Products Corporation did not own an insurance policy but was the holder of a certificate from the State Insurance Commissioner certifying that it had furnished satisfactory evidence pursuant to Section 324.171, F.S. 1967, F.S.A., of possessing a net unencumbered capital of at least forty thousand dollars and would respond to the requirements of the Florida Financial Responsibility Law.
The question presented to the trial judge was whether or not the appellant, Southeast Title and Insurance Company had primary coverage for the accident. The trial judge ruled that it did.
The appellant, though admitting coverage to Leroy Moses and to the appellee since it was an organization legally responsible, urges that its coverage is excess because of the following provision in its policy:
"Insuring Agreement V shall be excess insurance over any other valid and collectible insurance."
In so contending, the appellant is asking this court to equate proof of financial responsibility with insurance.
The policy written by the plaintiff contains no definitions of "other valid and collectible insurance." As correctly stated by the appellee, insurance has been judicially defined as follows:
"Insurance, of ancient origin, involves a contract, whereby, for an adequate consideration, one party undertakes to indemnify another against loss arising from certain specified contingencies or perils. Fundamentally and shortly, it is contractual security against possible anticipated loss. Risk is essential and, equally so, a shifting of its incidence from one to another." Epmeier v. United States, 7 Cir., 1952, 199 F.2d 508.
Proof of financial responsibility does not fit that definition. This conclusion compares with that reached in Home Indemnity *249 Company v. Humble Oil & Refining Company, Tex.Civ.App. 1958, 314 S.W.2d 861.
The summary judgment granted by the trial judge is therefore affirmed.
CROSS, C.J., and McCAIN, J., concur.