296 So.2d 555 (1974)
AETNA CASUALTY & SURETY COMPANY, a Connecticut Corporation, Appellant,
v.
MARKET INSURANCE COMPANY, an Illinois Corporation, Appellee.
No. 73-668.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Rehearing Denied July 17, 1974.
*556 Stephens, Magill, Thornton & Sevier, Miami, for appellant.
Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Appellant-insurer seeks review of a judgment in the sum of $42,500 entered in favor of appellee-insurer plus reasonable costs and expenses in defense of the insured.
Defendant-insured, Judith Morse, while operating a vehicle rented from National Car Rentals, Inc., struck Mrs. Ethel Norris, a pedestrian, who sustained serious injuries as a result thereof. Mrs. Norris joined by her husband filed a suit for damages against Judith Morse, National Car Rentals, Inc., Aetna Insurance Company (hereinafter referred to as Aetna), Market *557 Insurance Company (hereinafter referred to as Market), and Allstate Insurance Company which subsequently was dismissed from the suit with prejudice and is not a party to this appeal. During the course of the litigation Market defended its insured, National Car Rentals, Inc., and under protest, Mrs. Morse. Aetna, Mrs. Morse's insurer, refused to participate in the defense on the grounds that its policy provided in the instant situation, excess insurance coverage over that of Market's liability limits. Market and Aetna entered into a stipulation that the issue of coverage would be determined by the court after the trial of the plaintiff's personal injury action. Subsequent thereto, the suit terminated upon plaintiff and her husband agreeing to accept a settlement offer of $750,000 by Market. National Car Rentals, Inc. being self-insured up to $25,000 paid the plaintiff the first $25,000 thereof and Market tendered the remaining $725,000. Thereafter, Market and Aetna submitted the coverage issue to the trial court for its determination thereof and filed memoranda of law in support of their respective positions. The following facts were adduced therefrom: At the time of the accident, National Car Rentals was self-insured for $25,000 and was insured further by Market pursuant to an "excess liability policy" with a liability limit in the sum of $975,000 for each accident in excess of the $25,000 retention. Market's policy did not contain an "other insurance" clause. Aetna's policy, with limits of $50,000 for each person, covered the defendant, Mrs. Morse, its named insured, while she was operating a "non-owned" vehicle. However, this policy, unlike the Market policy, contained an "other insurance" clause which provided that Aetna's coverage for a non-owned vehicle would be excess insurance over any other valid and collectible insurance. The trial court found that (1) Mrs. Morse's rental agreement with National Car Rentals did not include a charge for liability insurance for her; (2) that National Car Rentals' self-insurance in the sum of $25,000 was not such "other valid and collectible insurance" as would reduce Aetna's policy to the status of excess insurance under Aetna's "other insurance" clause; (3) that Aetna has a primary obligation to pay the first $25,000 on behalf of the defendant Mrs. Morse and should reimburse appellee Market therefor;[1] (4) that thereafter, both Aetna and Market are compelled by the terms of their policies to provide excess coverage on a prorata basis; (5) that on a proration formula of the $725,000 paid by Market, Aetna's share would be $17,500 which it must contribute to Market. Based thereon, the court then entered judgment in favor of Market and against Aetna for $42,500 (which represents $17,500 plus $25,000 paid by Market), and further held that since Aetna was the primary carrier and thereby had an obligation to defendant Mrs. Morse, Aetna must reimburse Market for the monies expended in her defense. Aetna appeals therefrom.
Appellant-insurer first contends that the trial court erred in holding that it is required to reimburse Market for the first $25,000 of the subject loss as the primary insurer for the defendant Mrs. Morse. We agree.
First, we find Market's insurance policy under which National Car Rentals was insured clearly provides that National assumed first primary coverage up to $25,000. Second, it affirmatively appears in the record that defendant Mrs. Morse in her rental agreement with National accepted purchase of the collision damage waiver (C.D.W.) provision contained therein. In respect thereto, the agreement unequivocally states that a customer who has accepted purchase of C.D.W. is covered by an automobile liability insurance policy which is primary[2] in respect to other insurance as may be carried by the renter.
Third, the trial court's reliance upon Southeast Title and Insurance Company v. *558 Collins, Fla.App. 1969, 226 So.2d 247 is misplaced as therein the court was confronted with the situation of an insured employee driver who was involved in an accident while driving an uninsured truck owned by his employer, City Products Corporation, which had a certificate showing that it complied with the Florida Financial Responsibility Law, Fla. Stat. § 324.171, F.S.A., but had not obtained any kind of liability insurance covering the truck. Thus, that case factually is distinguishable from the case sub judice.
Thus, we hereby reverse the trial court's order finding that Aetna has a primary obligation to pay the first $25,000 on behalf of the defendant Mrs. Morse and Market[3] is entitled to reimbursement thereof.
We next turn our consideration to Aetna's argument that the trial court erred in holding that it is required to contribute an additional $17,500 of the subject loss to Market because, as defendant Morse's primary insurer, the policy then became excess and applied to the remainder of loss on a prorata basis with Market's policy which also was excess. We find merit in this contention.
Aetna's insurance policy which covered the defendant Mrs. Morse explicitly provides with respect to a non-owned vehicle operated by the named insured that such coverage shall be excess insurance over any other valid and collectible insurance. On the other hand, the subject Market insurance policy contains no such "excess coverage" provision. We find that National's $25,000 self-insurance and Market's excess insurance constituted other valid and collectible insurance and in absence of an excess insurance provision in Market's policy with National Car Rental, Aetna's policy did not come into play as the limit of Market's coverage ($975,000) in the instant case was not exhausted. Cf. Spurgeon v. State Farm Mutual Insurance Company, Fla.App. 1964, 169 So.2d 343; Cunningham v. Austin Ford, Inc., Fla. App. 1966, 189 So.2d 661.
Accordingly, we reverse that part of the judgment finding that Aetna is required to pay $17,500 as its prorated share of the excess coverage to Market.
Last, appellant contends that the trial court erred in holding that it was required to reimburse Market for the expense it incurred in defending Mrs. Morse because her defense was Aetna's primary obligation. We are in accord with the appellant.
National Car Rental Systems, Inc., being the primary insurer, had the primary duty to defend Mrs. Morse up to the limit of its liability, to wit: $25,000. When it became apparent that the liability would exceed this limit, then Market, as the "excess insurer", was obliged to take over the legal representation from National. Aetna was not responsible to provide legal services on behalf of National Car Rental or Market. The fact that Aetna did not provide legal services for its insured, Mrs. Morse, is an issue between Aetna and Mrs. Morse who apparently has no complaint with respect thereto.
Therefore, we hereby reverse the trial court's retention of jurisdiction for the purpose of assessing damages against Aetna and in favor of Market for the reasonable costs and expenses of the defense of Mrs. Morse.
The judgment of the trial court herein appealed is reversed and the cause remanded for further proceedings in accordance herewith.
Reversed and remanded.
NOTES
[1] The record reflects however that this sum actually was paid by National Car Rental.
[2] Refers to National's $25,000 self-insurance.
[3] We note again that National Car Rental and not Market paid the first $25,000 on behalf of Mrs. Morse.