NATHAN, Judge.
Appellant, Travelers Insurance Company; co-defendant in the court below, seeks review of a final judgment, after trial by jury, in favor of the plaintiff-appellee, and the denial of post trial motions for new trial and/or to amend final judgment.
This case arose out of an automobile accident. The defendant, Williams, driver of a car owned by his father, was found to be negligent. Defendant-appellant, Travelers Insurance Company, was the excess carrier. Judgment was awarded against Williams and Travelers in an amount less than the excess coverage. Maine Insurance Company, the primary carrier, allegedly became insolvent after the accident but prior to trial, and its business was taken over by Florida Insurance Guaranty Association, not party to the suit.
Travelers set up primary coverage as a defense in its answer, and sought to file a third party complaint against Florida Insurance Guaranty Association which was denied. Plaintiff-appellee never denied or avoided the affirmative defense of primary coverage. At the time of trial, Travelers moved the court for severance of the insurance coverage issue. The court, at such time, stated that' the coverage question would be severed and would be considered after the verdict was rendered and before judgment was entered . . . “We will do that in a separate hearing after the verdict.” After trial a jury verdict was entered against Williams only. A judgment was then entered against Williams and Travelers Insurance Company, without a hearing on the coverage question; whereupon, Travelers moved for a new trial and/or amendment to the final judgment, which the court denied. This was error. While the court properly severed the issue of coverage, judgment should not have been entered against Travelers without proper hearing. Beta Eta House Corporation, Inc., of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163.
*743 There is merit in Travelers’ contention that its coverage was limited to the excess over other collectable insurance and that primary liability rested on another insuror and, therefore, no judgment should have been entered against it without there first being a resolution of the issue of coverage. See Aetna Casualty & Surety Company v. Market Insurance Company, Fla.App. 1974, 296 So.2d 555; Spurgeon v. State Farm Mutual Insurance Company, Fla.App. 1964, 169 So.2d 343; State Farm Mutual Insurance Company v. Vines, Fla.App.1966, 193 So.2d 180; Friedfeld v. Royal Indemnity Company, Fla.App.1964, 167 So.2d 586.
For the foregoing reasons, the judgment against Travelers is vacated and set aside and this cause is remanded to the lower court for hearing and determination of the issue of coverage.
Reversed and remanded.