327 So.2d 789 (1976)
GOLDEN ISLES HOSPITAL, INC., Appellant,
v.
CONTINENTAL CASUALTY COMPANY et al., Appellees.
No. 75-511.
District Court of Appeal of Florida, Third District.
January 27, 1976.
Rehearing Denied March 10, 1976.
*790 Smathers & Thompson and Jose R. Garcia-Pedrosa, Miami, for appellant.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn and Frederick B. Hart, Miami, Robert S. Zippin and James V. Dolan, Fort Lauderdale, for appellees.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
PER CURIAM.
In this appeal, the appellant, Golden Isles Hospital, advances the proposition of law that its excess insurer, Continental Casualty Company (CNA), is liable for the Hospital's loss which is less than the primary insurance coverage specified because the primary insurer became insolvent after the occurrence of the accident out of which liability arose. We hold that under the terms of the Hospital's policy, it was the Hospital's duty to keep in force the primary coverage. We affirm.
The Hospital's statement of its position is:
"Reduced to its simplest terms, the HOSPITAL's position is as follows:
"(a) CNA insured the HOSPITAL for losses (up to $1,000,000) in excess of the `amount recoverable' from primary insurance;
"(b) CNA's umbrella excess liability attached at the time of entry of judgment against the HOSPITAL or at the time of satisfaction of that judgment (it matters not which), in accordance with its own ¶ 1(a) and (b) and ¶ 10;
"(c) At that time, the `amount recoverable' by the HOSPITAL from its primary insurer was zero;
"(d) Hence, CNA is obligated to indemnify the HOSPITAL for its full $60,000 loss."
It appears to us that the apparent fault in this argument is that it proposes that the court change the terms of the policy so that the excess insurer would be made the guarantor of the solvency of the primary insurer chosen by the policyholder.
The judgment is affirmed upon the rule that, as between two insurance companies, the collectibility of primary insurance is to be determined as of the date of the occurrence fixing liability. Therefore, it follows that as of the date of the accident there was a valid exclusion of liability upon Continental's policy for the amount due from the primary insurer. See State Farm Mutual Insurance Company v. Vines, Fla.App. 1966, 193 So.2d 180; Friedfeld v. Royal Indemnity Company, Fla.App. 1964, 167 So.2d 586.
Affirmed.