## Insurance Company of North America v. Stein

*Thomas E. Byrne, Jr.*, for plaintiff.
*Perry S. Bechtle* and *Barry F. Greenberg*, for defendant Stein.
*James E. Beasley*, for defendant Pratt.

ROSENBERG, S. H., *J.*, May 23, 1977 — This matter was originally assigned to us for consideration of plaintiff's, Insurance Company of North America (hereinafter "INA"), petition and rule to show cause why plaintiff's petition for declaratory judgment should not come on for immediate decision.

According to the underlying facts of the case, plaintiff was the excess liability carrier for defendant, Raymond O. Stein, M.D. Primary coverage was provided by Fidelity General Insurance Company (hereinafter "Fidelity").

In December of 1964, a trespass action was commenced against Dr. Stein by Preston Pratt, a named defendant herein. Fidelity initially under-

took Dr. Stein's defense, and conducted same until approximately August of 1970, when Fidelity was placed in liquidation. Thereafter, Dr. Stein employed private counsel to defend againt Mr. Pratt's action. Subsequently, Dr. Stein or his counsel requested that INA assume Dr. Stein's defense, and INA refused, alleging that it was not required to do so under the policy provisions. Apparently, as the time for trial grew nearer, the dispute over INA's liability to Dr. Stein increased and INA filed for declaratory judgment. The reason asserted for its request for immediate determination was the pending immediacy of a trial date.[1]

In reviewing the aforementioned motion, together with the exhibits attached thereto and defendant's answer, we determined that plaintiff was entitled to immediate relief and entered a judgment for plaintiff as per our order of December 27, 1976 (see exhibit A to this opinion), going beyond merely signing the rule.

Thereafter, by agreement of counsel for all parties, the judgment was vacated (see order of January 19, 1977, exhibit B to this opinion) and the matter was reopened for argument. At a conference with all counsel, presided over by the court, it was agreed that plaintiff be allowed to file a motion for summary judgment upon its petition for declaratory judgment. A schedule was set for filing of answers and briefs, to allow time for determination of that motion prior to the then scheduled trial date of the Pratt-Stein case. Although the schedule was briefly extended at the request of counsel for both INA and Dr. Stein, we had received all the agreed-

---

1. The case was listed for trial on March 21, 1977, just three days subsequent to our entry of judgment for plaintiff.

upon pleadings prior to the start of the Pratt-Stein case, and entered the following order:

"And now, this eighteenth day of March, 1977, plaintiff having filed a Petition for Declaratory Judgment and a motion for Summary Judgment thereon, and upon consideration of the respective motions, answers and briefs of the parties, it is ordered and decreed that the Motion for Summary Judgment upon plaintiff's Petition for Declaratory Judgment is granted: Declaratory Judgment is entered in favor of plaintiff as follows:

"(1) The petitioner, Insurance Company of North America, is under no obligation to provide a defense for Raymond O. Stein, in the matter of Preston Pratt v. Raymond O. Stein, M.D., C. P. December Term, 1956, No. 1541, and;

"(2) That petitioner's liability to defendant is limited to the excess coverage set forth in petitioner's policy of insurance no. XIC 40440, to wit, net losses which Dr. Stein may sustain in excess of $100,000.00 per person or $300,000.00 aggregate in the settlement of Pratt v. Stein.

"(3) Judgment to be entered for petitioner."

The motion for summary judgment as provided by Pa.R.C.P. 1035, became effective on May 9, 1966. The new rule was envisioned as an amplification of Pa.R.C.P. 1034, motion for judgment on the pleadings, in that it permitted introduction of material and facts outside the record, such as depositions and affidavits. "The function of the summary judgment proceedings is to avoid a useless trial but is not, and cannot, be used to provide for trial by affidavits or trial by depositions. The constitutional right to trial by jury necessarily limits the proceedings to cases where there is no genuine issue as to

any material fact." 2 Goodrich-Amram 2d §1035:1. In addition, the moving party must be entitled to a judgment at law.

Ordinarily, summary judgment will be granted only in the "clearest cases": Kotwasinski v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969); after examining the record in the light most favorable to the moving party, including the benefit of *all reasonable* inferences to be drawn.

However, this aspect of the rule is only applicable where defendant has made no basic admissions which would leave no issue for a jury to resolve. See Rivoli Theatre Co. v. Allison, 396 Pa. 343, 152 A. 2d 449 (1959).

In the instant case, the alleged controversy on "issue of material facts" arises out of an insurance policy, which is quasi-contractual in nature and governed by the law of contracts generally.

Summary judgments have been allowed where the only issue was the interpretation of clauses in insurance policies against the background of agreed facts.

A review of the pleadings indicated that the following facts were agreed:

(a) That Dr. Stein purchased a policy of insurance from INA on or about April 8, 1964, policy XIC 40440.

(b) The said policy was to provide coverage for a period of three years.

(c) The entire policy premium was $756 for $1,000,000 for the three-year period.

(d) That Dr. Stein on or about the same date, had purchased a policy of insurance from Fidelity General Insurance Company, #MAL 25097, which renewed annually.

(e) The said policy premium was $450 per policy year for $100,000 per person coverage and $300,000 "aggregate."

(f) The primary malpractice coverage was listed in the INA policy schedule "A" as "Underlying Insurance" with "Minimum Primary Units."

(g) In 1966, Preston Pratt instituted a medical malpractice action against Dr. Stein.

(h) Fidelity undertook and directed Dr. Stein's defense until August of 1970, when Fidelity was placed in liquidation.

However, beyond the above-enumerated facts, there is a clear dispute as to the liability of INA to Dr. Stein whose position is expressed in an affidavit attached to his answer to the motion for summary judgment. The areas of dispute, too lengthy to set forth herein, are contained in paragraphs 5, 6, 7, 9 and 10 of the affidavit. However, they may be summarized by stating that those paragraphs allege what Dr. Stein's "belief[s]", "expectation[s]," intention[s]" and "motivation[s]" were prior to and at the time he purchased the INA policy.[2]

At this point, it is important to note that Pa.R.C.P. 1035 allows a summary judgment where there is no material issue of fact *and* that the moving party is entitled to a judgment at law. In this case, the two issues are intertwined. Certainly, Dr. Stein's affidavit creates an issue as to certain facts. However, it must be determined whether or not they are material. We are concerned with an insurance policy which, as stated earlier, is contractual in nature, and governed by the law of contracts generally.

---

2. Nowhere in the policy is found any recitation of these "beliefs, expectations, intentions and motivations."

It is well settled that a contract which is clear and unambiguous on its face will not be disturbed or modified by parol evidence, and that such a writing will be construed to accurately represent the entire agreement between the contracting parties. After carefully reading the INA policy in its entirety, together with the briefs submitted by plaintiff and defendant, we are of the opinion that the policy, the center of controversy, is clear and unambiguous. Thus, any evidence which Dr. Stein seeks to introduce as to what his intentions, beliefs, expectations and motivations were prior to entering into the contract are inadmissible under the Parol Evidence Rule, irrelevant to our reading of the policy, and *not material* to our determination of the coverage and liability provided in the policy. For these reasons, we have concluded that no genuine issue of material fact exists.

The remaining question, then, is whether INA is entitled to a judgment as a matter of law. The policy expressly states that it constitutes excess coverage only, and that primary coverage lies with the underlying coverages set out in schedule "A." A common-sense comparison of the premiums paid for the Fidelity and INA policies and coverages would alert the most naive reader that INA's coverage must be excess, for "it cannot reasonably be assumed that INA, for the sum of $756.00 [for a three-year period] undertook to assure the continued solvency of as many as five unidentified insurance companies for our aggregate of primary coverage in excess of one million dollars,"[3] particu-

3. Plaintiff's memorandum in support of petition for declaratory judgment, at page 12.

The INA policy was, in fact, an umbrella policy which provided excess coverage for not only malpractice but also com-

larly where Fidelity was providing $100,000/ $300,000 coverage for a period of only *one* year at a premium of $450.08.

Furthermore, plaintiff's counsel in his memorandum cites Golden Isles Hospital, Inc. v. Continental Casualty Company et al., 327 So. 2d 789 (Fla. App., 1976), a remarkably similar case in which it was held, at page 790, that "the collectibility of primary insurance is to be determined as of the date of the occurrence fixing liability." The court also rejected the proposition that an excess insurer should be held liable "for loss which is less than the primary insurance coverage specified because the primary insurer became insolvent after the occurrence of the accident out of which liability arose." Golden Isles Hospital, Inc. v. Continental Casualty Company, et al., supra, at page 790.[4]

Thus, it is clear that INA is not liable to Dr. Stein either under the terms of its policy of insurance or as a matter of law, and we, therefore, entered a summary judgment in favor of INA against Dr. Stein.

## Exhibit A

## ORDER

ROSENBERG, S. H., *J.*, December 23, 1976 — And now, December 22, 1976, upon consideration

---

prehensive personal liability, automobile, owner-landlord-tenants and workmen's compensation. It is also significant to note that none of the carriers of the underlying policies was specifically identified, including Fidelity which further strengthens its argument that it did not contract to provide any form of primary insurance in the malpractice portion of its policy.

4. Fidelity was not placed in liquidation until nearly four years after the incident which is the basis of Pratt's suit against Stein.

of plaintiff's petition for declaratory judgment and defendant's answer thereto, the court makes the following findings:

(1) That petitioner, Insurance Company of North America, is under no obligation to provide a defense for Raymond O. Stein in the matter of Preston Pratt v. Raymond O. Stein, M.D., C. P., December term, 1966 no. 1541; and

(2) That petitioner's liability to defendant is limited to the excess coverage set forth in petitioner's policy of insurance no. XIC 40440;

(3) Judgment to be entered for petitioner.

### Exhibit B

### ORDER

ROSENBERG, S. H., *J.*, January 19, 1977 — And now, January 19, 1977, it is hereby ordered and decreed that our order of December 22, 1976, is vacated in its entirety.

It is further ordered that argument upon plaintiff's petition for determination of declaratory judgment action shall be listed for hearing, by the court upon notice to counsel.