385 So.2d 1087 (1980)
AETNA CASUALTY & SURETY COMPANY, Appellant,
v.
Robert G. BEANE, Individually and As Father and Next Friend of Roberta K. Beane, a Minor, American States Insurance Company, and Mathew Francis Carroll, a Minor, by His Guardian and Next Friend, Mary Alice Carroll Hall, Appellees.
No. 79-769.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
Rehearing Denied August 5, 1980.
*1088 Donald J. Beuttenmuller, Jr., and Steven A. Stinson of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellant.
Cecil H. Albury of Albury, Webb & Park, West Palm Beach, for appellees.
HERSEY, Judge.
The minor plaintiff, Roberta K. Beane, was injured in an accident while a passenger in an automobile being operated by the minor defendant, Matthew Francis Carroll. In the ensuing litigation the minor plaintiff, joined by Robert G. Beane, individually and as father and next friend, sought damages against the minor defendant and Mary Alice Carroll Hall, mother, guardian and next friend of the minor defendant. Also joined as defendants were the two insurance companies.
American States Insurance Company was the issuer of two insurance policies, one of which provided primary coverage in the amount of $250,000.00 to Carolyn Beane. The minor plaintiff, using the automobile with her mother's permission, had permitted the minor defendant to drive the automobile and consequently the minor defendant was an additional insured under this policy. The other American States policy provided $1,000,000.00 excess coverage in the nature of an umbrella policy. Aetna had issued a $50,000.00 excess coverage policy insuring Mary Alice Carroll Hall and members of her household, thus including the minor defendant, Matthew Carroll.
The trial resulted in a jury verdict in the amount of $10,470.19 for Robert G. Beane and $572,279.50 for Roberta K. Beane. A final judgment was entered against Matthew Carroll and his mother, Mary Hall. Entry of judgment against the insurance carriers was withheld pending resolution of coverage issues.
Before those coverage issues had been resolved, a partial settlement was effected. American States paid to plaintiffs $525,000.00 in consideration of a full and final release, an assignment of judgment, and a satisfaction of judgment. Included in the release and satisfaction were Matthew Carroll and his mother.
Aetna then filed a motion for relief from the jury verdict on the basis that the release of its insured prior to the entry of a judgment against Aetna relieved it of all liability. This motion was denied and final judgment was rendered requiring that American States satisfy the first $250,000.00 of liability, that Aetna satisfy the next $50,000.00 and that American States satisfy the balance by virtue of its umbrella coverage. From this final judgment Aetna appeals.
Aetna takes the position that the release of Matthew F. Carroll by plaintiffs and satisfaction of the judgment against him *1089 had the effect of extinguishing any liability that might otherwise have accrued against Aetna. Conceding that the release of one joint tort-feasor no longer acts as a relaease of all joint tort-feasors, by virtue of Section 768.041, Florida Statutes (1977), appellant contends that a different rule prevails as to joint and several obligors, placing itself in that category. Penza v. Neckles, 344 So.2d 1282 (Fla. 1977), is correctly cited for that proposition. Appellant contends that since the liability of an insurer depends upon the liability of its insured and that an insurer's obligation extends only to the legal obligations of the insured, the release of Aetna's insured effectively extinguished Aetna's liability. Russell v. Orange County, 237 So.2d 192 (Fla. 4th DCA 1970) and Allstate Insurance Company v. Royal Guardian Insurance Company of Canada, 314 So.2d 14 (Fla. 4th DCA 1975).
The flaw in the logic of appellant's position is that the liability of the insured arises in the context of commission of a tort whereas the insurer's liability arises by virtue of third-party beneficiary principles of contract. While the insurer and the insured are not joint tort-feasors, neither are they joint obligors under a contract. See Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969). Because the parties are neither joint tort-feasors nor joint and several obligors, neither the statute nor the common-law rule offers support to appellant's position on this point.
Further, it is clear that the parties to the settlement had no intention of releasing Aetna, as demonstrated by the assignment of judgment.
Had Aetna's insured personally satisfied the judgment against him and obtained a release and satisfaction of judgment, absent some prohibition in the policy, Aetna would not thereby have been relieved of liability. The right of plaintiff under the judgment would enure to the insured's benefit and entitle him to recover against the insurer.
What happened in the instant case is little different in fact and no different in legal effect. Aetna remains liable.
Appellant Aetna also claims that even if the release and satisfaction do not enure to its benefit, any recovery against Aetna is precluded by a fundamental defect in the pleadings which is incapable of being remedied. Aetna relies on Spurgeon v. State Farm Mutual Insurance Company, 169 So.2d 343 (Fla. 1st DCA 1964), for the proposition that in order to state a cause of action against an excess insurer a complaint must allege that plaintiff has exhausted all legal remedies against the primary insurers in an effort to collect a judgment or that the judgment was not collectible. However, in view of Shingleton v. Bussey, supra, which held that insurance carriers may be joined as tort-feasors in one action, the requirement of Spurgeon, supra, no longer obtains in Florida. An amendment to the complaint in the instant case alleged that damages far exceeded the policy limits of primary coverage. Accordingly, we find that the pleading as amended was not deficient in this respect.
Finally, relying on Motor Vehicle Casualty Company v. Atlantic National Insurance Company, 374 F.2d 601 (5th Cir.1967), appellant maintains that the excess coverage policies are mutually repugnant, so that any recovery beyond that primary policy limits should be prorated between the two carriers. The pertinent provision of Aetna's policy states:
[t]he insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.
The relevant portion of the excess (umbrella) policy written by American States provided:
If other collectible insurance with any other insurer is available to the insured covering a loss also covered hereunder (except insurance purchase to apply in excess of the sum of the retained limit and the limit of liability hereunder), the insurance hereunder shall be in excess of, and shall not contribute with, such other insurance. (emphasis supplied).
*1090 The trial court found that these policy provisions were not mutually repugnant. The American States policy provides not only that its coverage is in excess of other available insurance coverage, but also that the coverage "shall not contribute with such other insurance." So long as the requirements of law have been met, parties to contracts are free to shift the burden of loss. Insurance Company of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla. 1977). Florida's financial responsibility laws were satisfied in this case. After comparing the language of the two policies, the trial court correctly determined that the excess coverage should not be prorated.
The final judgment is therefore affirmed.
AFFIRMED.
ANSTEAD, J., and FAGAN, OSEE, R., (Associate Judge), concur.