Toomey, J.
INTRODUCTION
This is an action seeking a declaration that plaintiff may proceed against defendant’s excess insurance policy despite the fact that plaintiff has executed a release of claims against the individual insured and his primary insurer. Defendant argues that it is entitled to summary judgment because defendant’s excess policy coverage applies only to sums which the individual insured is legally obliged to pay, and, by virtue of the release, the individual insured is not legally obligated to plaintiff.
For the reasons set forth below, the defendant’s motion for summary judgment is DENIED.
BACKGROUND
In October 1990, plaintiff, Paul Mallet (Mallet), was a passenger in a motor vehicle owned by Earl and Carolyn Cullen. Cullen carried liability insurance for the vehicle through United States Fidelity and Guaranty (USF&G). Cullen was an assistant scoutmaster *272 for defendant, Boy Scouts of America (BSA), and Mallet was a member of Cullen’s troop.
Mallet alleges that, as they were driving to a troop function, Cullen negligently caused a motor vehicle collision, resulting in serious personal injuries to Mallet.
BSA carried a general liability policy through Cigna; that policy covered activities of volunteers, such as Cullen. It is not disputed that the activities in which Cullen was engaged when the accident occurred fall within the scope of the Cigna policy coverage.
On May 1, 1992, Mallet’s counsel wrote to Cigna, BSA’s general liability insurer. That letter requested permission to settle with USF&G, Cullen’s motor vehicle liability insurer for $100,000, the full extent of Cullen’s liability coverage. The letter further stated that Mallet intended to pursue a claim against the Cigna policy because Mallet’s damages exceeded the $100,000 available under Cullen’s USF&G policy. Cigna responded on May 5, 1992, stating that it did not object to the settlement with USF&G and, without admitting Mallet’s claim exceeded $100,000, Cigna invited Mallet’s counsel to submit a settlement package.
On or about May 8, 1992, Mallet executed a release and discharge of “Earl and Carolyn Cullen/United States Fidelity and Guaranty Company” for claims arising from the motor vehicle accident. Cigna now asserts that that release and discharge relieves it of any liability to Mallet under the BSA policy issued by Cigna.
DISCUSSION
The Cigna policy provides that Cigna shall “pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages” for personal injury. BSA asserts that the Cigna policy is not available to Mallet because the insured in this case, Cullen, is not legally obligated to Mallet beyond the previously paid $100,000, by virtue of the release of claims.[1]
A literal reading of the release suggests that BSA’s argument might possess some merit. This court, however, is required to pass beyond literalism and look also to the intent of the parties as expressed by the language employed in the release. Cf. Cram v. Northbridge, 410 Mass. 800, 803 (1991) (release of one tortfeasor and “all other persons” will not discharge joint tortfeasors unless that was the intent of the releasor).
At bar, the language of the release indicates that Mallet intended to release Cullen only to the extent of his insurance coverage by USF&G. The parties to the release are identified twice in the release, and are designated both times as “Earl and Carolyn Cullen/United States Fidelity and Guaranty Company.” The fact that the release does not run to the Cullens and USF&G strongly indicates that Mallet did not intend fully to release Cullen, but only to release him to the extent of his coverage through USF&G. See Aetna Casualty & Surety Co. v. Beane, 385 So. 2d 1087, 1088-89 (Fla.App. 1980) (concluding release of insured incident to payment from primary insurer did not release excess insurer; intent to release only primary insurer evidenced by plaintiffs assignment of judgment to primary insurer); Whitehead v. Fleet Towing Co., 442 N.E.2d 1362, 1365 (Ill.App. 1982) (concluding general release of tortfeasor did not discharge excess insurer).
The limited character of the release is also demonstrated by the fact that the release foregoes employment of more comprehensive language releasing “all other persons and entities,” a form of expression typically included in general releases. Further support for the conclusion that the release was restricted may be found in the fact that Mallet’s attorney wrote to Cigna in advance of the settlement requesting consent to settle and placing Cigna on notice that Mallet intended to make a further claim under the Cigna policy. This is clearly not the case of an injured party executing a full release and, upon later discovering additional potential insurance, subsequently attempting to place an unnatural construction on the release.
While it would certainly have been preferable had the release been drafted more carefully to release explicitly the tortfeasor only to the extent of primary insurance coverage where additional coverage may be available, this court deems that to repudiate the plain intent of the releasor and perforce to deny coverage would serve only to elevate form over substance. The Supreme Judicial Court has consistently disfavored such results and has declined to deprive injured persons of insurance coverage for failure to comply with technical provisions of a policy where the failure results in no prejudice to the insurer. See, e.g., MacInnis v. Aetna Life & Casualty Co., 403 Mass. 220, 223 (1988) (failure to obtain consent to settle only bars coverage where insurer has been materially prejudiced by the lack of consent); Johnson Controls, Inc. v. Bowes, 381 Mass. 278, 282 (1980) (failure to comply with policy’s notice of claim requirement bars coverage only if lack of timely notice prejudiced insurer). In the same vein, this court will not deny coverage at bar where it is clear that the formulation of the release occasioned no prejudice to BSA’s insurer.
ORDER
It is, therefore, ORDERED that defendant, Boy Scouts of America’s Motion for Summaiy Judgment is DENIED.

Under this argument, Mallet would also be unsuccessful in a claim against BSA directly because release of a tortfeasor operates as a discharge of one who is liable solely on the basis of vicarious liability. Elias v. Unisys Corp., 410 Mass. 479, 484 (1991).